UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-8900-CAS(Ex) | Date | January 12, 2018 |
| --- | --- | --- | --- |
| Title | Breckenridge Properly Fund 2016, LLC v. Sean E. Randle, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
| --- | --- | --- |
| Connie Lee | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I.   INTRODUCTION & BACKGROUND

On September 12, 2017, plaintiff Breckenridge Property Fund 2016, LLC filed an unlawful detainer action in Los Angeles County Superior Court against defendants Sean E. Randle and Jessye L. Randle. Dkt. 1 ("Compl."). Plaintiff alleges that, on August 25, 2017, it became the owner of real property located at 1524 S. Spaulding Ave., Los Angeles, California 90019 (the "Spaulding property"). Compl. ¶ 4–8. Plaintiff asserts that no landlord-tenant relationship exists between plaintiff and defendants, and that since the date of purchase, defendants have occupied the Spaulding property without plaintiff's consent or authorization. Id. ¶ 10. Plaintiff issued written notice on September 8, 2017 demanding that defendants deliver possession of the premises within three days. Id. ¶ 12. Plaintiff alleges that defendants continue to hold possession of the Spaulding property, and that the daily rental rate is $220.83. Id. ¶ 14.

Defendants were served with summons on November 11, 2017, and received a copy of plaintiff's complaint on November 12, 2017. Dkt. 1. On December 11, 2017, defendants filed a notice of removal to this Court on the basis of diversity jurisdiction. Dkt. 1 ("Notice of Removal"). Defendants contend that diversity jurisdiction exists because "there is complete diversity of citizenship between [p]laintiff[] and [d]efendants and more than $75,000 exclusive of interest and cost is at stake." Notice of Removal ¶ 7.

On December 15, 2017, the Court noted a probable lack of diversity jurisdiction because the record does not demonstrate diversity between the parties and the amount in controversy appears to be well below the jurisdictional threshold; accordingly, the Court issued an order to show cause why this case should not be remanded. Dkt. 6. The order directed defendants to respond by December 29, 2017. To date, defendants have not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | CV17-8900-CAS(Ex) | Date | January 12, 2018 |
|---|---|---|---|
| Title | Breckenridge Properly Fund 2016, LLC v. Sean E. Randle, et al. | | |

responded to that order.  For the reasons below, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court.

## II. DISCUSSION

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction.  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  Removal founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000.  See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction.  Id.  Conclusory allegations are insufficient.  Id. at 1091.

The Court finds that it lacks subject matter jurisdiction over this action.  The law is clear that "[u]nlawful detainer actions are strictly within the province of state court."  Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  Here, the only claim asserted by plaintiff is for unlawful detainer against defendants; federal question jurisdiction is not alleged.  See Compl.  Whether complete diversity exists is not clear from the complaint and notice of removal.  Though defendants contend in their notice of removal that there is "complete diversity," no evidence in the record supports this assertion.  Even assuming arguendo that the parties are diverse, defendants have not met their burden of establishing the minimum amount in controversy necessary for removal under diversity jurisdiction.  Plaintiff's complaint seeks damages in the amount of $220.83 per day from September 12, 2017 to the date of entry of judgment, or recovery of possession of the premises.  Compl. at 3.  Thus, damages are currently estimated at approximately $26,941.26, which is far below the $75,000 threshold that must be exceeded to remove on the basis of diversity jurisdiction.  Defendants have therefore failed to establish that this matter should be removed to this Court based on diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O     JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-8900-CAS(Ex) | Date | January 12, 2018 |
|---|---|---|---|
| Title | Breckenridge Properly Fund 2016, LLC v. Sean E. Randle, et al. | | |

### III. CONCLUSION

As explained above, the Court does not have subject matter jurisdiction over this action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court therefore **REMANDS** this case to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |